UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET A. DA'VE<br><br>          Plaintiff,<br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>          Defendant. | Civil Action 07–582 (AK) |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Comes now the Defendant, by and through counsel, and for the reasons set forth in the accompanying memorandum of law, moves for an Order excluding any evidence of or concerning dental treatment and dental injury. The Plaintiff claims that, as a result of the accident, she suffered injuries to her mouth and teeth. However, the Plaintiff had at least one broken tooth prior to the subject accident, with associated mouth pain and degradation of her dental condition. Accordingly, her claim presents a "complex medical question" that requires the testimony of an expert. Because the Plaintiff has identified no such expert, no evidence regarding dental or oral injuries or treatment should be admitted into evidence.

Respectfully Submitted,

___/s/_____
Jeffrey C. Seaman, #466509
600 5th St., N.W.
Washington, D.C. 20001
(202) 962-1856
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET A. DA'VE<br><br>       Plaintiff,<br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>       Defendant. | <br><br><br><br><br>Civil Action 07–582 (AK) |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE**

The Plaintiff in this case claims that on November 3, 2004, she was aboard a Metro train when another train collided with the train in which she was a passenger.  She claims that, as a result of the collision, she was thrown from her seat.  She claims that she struck various parts of her body against the interior of the train, including her mouth.

In her answers to interrogatories, she has alleged that, as a result of the accident, she had to undergo repair of teeth and a root canal procedure.  In fact, one of her orthodontists, Dr. Breslerman, has issued an opinion that the root canal procedure was not necessitated by the accident, but by a preexisting abscess.  This document has been provided to the Plaintiff.

Moreover, among her medical records from National Naval Medical Center is a report dated March 10, 2004 wherein she complains of tooth and throat pain, as well as a broken tooth which, she says, she had at that point

for 2 years. According to the record, she has had "4 episodes" over the last 2 years." This document has been provided to the Plaintiff. There is no documented repair of the broken tooth about which the Plaintiff complained in March 2004.

Where the evidence requires the jury to separate out an accident-related condition from a preexisting condition, expert testimony is necessary. <u>Williams v. Patterson</u>, 681 A.2d 1147, 1150 (D.C. 1996). Thus, unless the Plaintiff offers the testimony of an expert in the field of orthodontics, Plaintiff should be barred from presenting this complicated medical question to the jury.

Respectfully Submitted,

/s/ Jeffrey C. Seaman
Jeffrey C. Seaman, #466509
600 5th St., N.W.
Washington, D.C. 20001
(202) 962-1856
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET A. DA'VE<br><br>　　　　Plaintiff,<br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>　　　　Defendant. | Civil Action 07–582 (AK) |

**ORDER GRANTING MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Upon Motion filed by the Defendant, and upon consideration of the Motion and any Opposition thereto,

IT IS ORDERED that the Motion is GRANTED.  The Plaintiff shall not offer evidence concerning injuries to or treatment of her mouth or teeth.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Alan Kay, Magistrate Judge

Copies:

Stephen Bou
Nicholas Nunzio